ISAAC P. SMITH *vs.* AUGUSTUS W. SMITH.

Acceptance of a devise estops the devisee to set up a title in opposition to the will, at law, as well as in equity.

ACTION OF TORT for breaking and entering a close in Manchester. The defendant claimed title under a deed from Burley Smith, the father of the parties, now deceased, who by his will devised the *locus* to the plaintiff, and to the defendant the residue of the land described in said deed, and other lands.

At the trial in the court of common pleas in Essex at December term 1858, the defendant admitted " that, with a full opportunity to judge, and full knowledge of the nature of the estate given by the will, and of its situation, he had accepted and was determined to hold the estate devised by the will to him; but he intended also to hold under his deed, if the law allowed him to claim under both."

But *Perkins*, J. ruled " that if the defendant, with a full knowledge of the value of the estate of said Burley Smith,

Smith *v.* Smith.

devised by his will, had accepted the provisions of the will in his behalf, and had determined to hold all the estate given him by said will, and had acted upon that purpose, so that it was established that he had elected to take the estate devised to him under the will, he could not set up a title under said deed, in opposition to the will, and claim and hold a portion of the land, being the *locus in quo*, therein devised to the plaintiff, whatever other and further purpose and intent the defendant may have had in reference to claiming or holding under his deed." The defendant thereupon consented to a verdict for the plaintiff, and alleged exceptions.

*W. D. Northend*, for the defendant. The defendant, having a legal title to the *locus* before the making of the will, cannot be divested of it, or estopped to use and enjoy it, by accepting under the will. If estopped in equity, he is not at law. *Hyde* v. *Baldwin*, 17 Pick. 308, and cases cited.

*C. P. Thompson*, for the plaintiff, cited 2 Story on Eq. §§ 1075, 1080; *Hyde* v. *Baldwin*, 17 Pick. 308; *Thelluson* v. *Woodford*, 13 Ves. 209; *Bremingham* v. *Kirwan*, 2 Sch. & Lef. 450; *Smith* v. *Guild*, 34 Maine, 443; *Weeks* v. *Patten*, 18 Maine, 42; *Hamblett* v. *Hamblett*, 6 N. H. 333; *Fulton* v. *Moore*, 25 Penn. State R. 468.

By the Court. In *Hyde* v. *Baldwin*, 17 Pick. 308, which was an attempt to set up a title to defeat the operation of a will upon an equity of redemption claimed by an earlier title, this court laid it down as " now a well settled rule in equity, that if any person shall take any beneficial interest under a will, he shall be held thereby to confirm and ratify every other part of the will, or, in other words, a man shall not take any beneficial interest under a will, and at the same time set up any right or claim of his own, even if otherwise legal and well founded, which shall defeat, or in any way prevent the full effect and operation of every part of the will." This principle of estoppel is equally applicable at law. *Exceptions overruled.*